### MAXWELL MOTOR CORP. v. WINTER.
Ohio Supreme Court.
No. 20694.　Decided May 16, 1928.
Error to Montgomery Appeals.
Judgment affirmed.

1283. WORKMEN'S COMPENSATION—725 Limitations

1. Sections 1465-68a, 1465-68b et seq., extend benefit of workmen's compensation to employe who suffers disability due to occupational disease.

2. In action for disability occurring prior to expiration of 90 days by employe having been resident of state for more than 90 days, action held subject to limitation provided in 11224 GC.

3. Occupational disease resulting by reason of violation of lawful requirement prior to Jan. 1, 1924, not subject to limitations of amendment to Article II, Sect. 35, Ohio Constitution.

1041. REVERSALS—480 Evidence.

Reversal not justified on ground of rejection of testimony where record does not show what was proposed to be proved by such tstimony.

DAY, J.

1. Sections 1465-68a, 1465-68b, et seq., as enacted in 1921 (109 Ohio Laws, 181, 183), known as the occupational disease act extends the benefit of workmen's compensation to an employe who suffers a disability due to an occupational disease and entitles him to receive the benefits of Section 1465-76, General Code.

2. Where an employe, having been a resident of the state for more than ninety days, elects to institute a proceeding in court for his damages due to disability occasioned by an occupational disease contracted because of a

violation of a lawful requirement by his employer, who is a self-insurer under the workmen's compensation act, such disability having occurred prior to the expiration of the ninety days, the right to maintain such action is subject to the limitation provided in Section 11224, General Code.

3. In order to justify the reversal by a reviewing court of a judgment because of the erroneous rejection of the testimony of a witness by the trial court, the record must disclose what was proposed to be proved by the testimony of such witness.

4. An occupational disease resulting to an employe by reason of the violation of a lawful requirement prior to January 1, 1924, is not subject to the limitations of the amendment to Article II, Section 35, of the Ohio Constitution, which became effective January 1, 1924. (Marshall, CJ., Allen and Kinkade, JJ., concur. Robinson, Jones and Matthias, JJ., dissent from propositions 1, 2 and 4 of the syllabus and from the judgment.)